```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS & ST. JOHN
```

|  |  |
|---|---|
| IN RE:<br><br>JEFFREY J. PROSSER,<br><br>      Debtor.<br>_____ | Chapter 7<br>Case No. 06-30009 (JFK) |
| JEFFREY J. PROSSER,<br><br>      Appellant,<br><br>      v.<br><br>STAN SPRINGEL, CHAPTER 11 TRUSTEE; EMERGING COMMUNICATIONS, INC. And INNOVATIVE COMMUNICATION COMPANY, LLC; JAMES CARROLL, CHAPTER 7 TRUSTEE; GREENLIGHT CAPITAL QUALIFIED, L.P.; GREENLIGHT CAPITAL, L.P. and GREENLIGHT CAPITAL OFFSHORE, LTD.<br><br>      Appellees. | Civil No. 2009-147 |

**ATTORNEYS:**

**Lawrence H. Schoenbach, Esq.**
New York, NY
    *For Jeffrey J. Prosser.*

**Norman Anthony Abood, Esq.**
Toledo, OH
    *For Jeffrey J. Prosser.*

**Robert F. Craig, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser.*

**Samuel H. Israel, Esq.**
New York, NY
    *For James P. Carroll, Chapter 7 Trustee.*

*Prosser v. Springel et al.*
Civil No. 2009-147
Order
Page 2

**Stan Springel, Chapter 11 Trustee and Innovative Communication Company, LLC, and Innovative Communication Corporation.**
    *Pro se.*

**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee and Innovative Communication Company, LLC, and Innovative Communication Corporation.*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd.,*

## ORDER

**GÓMEZ, C.J.**

Before the Court are the pleadings filed by Dawn Prosser in this matter, seeking (1) immediate release of reserved proceeds, segregated for estimated future amounts owed to Intelysis, and (2) an accounting of all reserve proceeds held in escrow by the Chapter 7 trustee.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Chapter 7 bankruptcy case of Jeffrey J. Prosser ("Jeffrey Prosser") is proceeding in the Bankruptcy Division of the District Court of the Virgin Islands, *In re Prosser*, Case No. 06-30009 (Bankr. D.V.I. filed July 31, 2006).

In that matter, Jeffrey Prosser claimed exemptions pursuant

to section 522[1] of the Bankruptcy Code. The creditors involved filed objections to the following claimed exemptions: (1) real property located at 252 El Bravo Way, Palm Beach, Florida; (2) real property located at Hermon Hill, Plots 96, 97A, Christiansted, St. Croix, U.S. Virgin Islands; (3) real property located at Estate Shoys, Plot Numbers, 4, 4A, 5, 10A, and 10AA, Christiansted, St. Croix, U.S. Virgin Islands; (4) real property known as the Shoys Plot (Anna's Hope Plot) numbers 168, 169, 170, and 171 Christiansted, St. Croix, U.S. Virgin Islands. They asserted that in light of Prosser's bad faith during the bankruptcy proceedings, allowance of the exemptions would be inappropriate. In an October 9, 2009 Memorandum Opinion & Order

---

[1] 11 U.S.C. § 522 provides in pertinent part, "Notwithstanding section 541 of this title an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522.

Paragraph (3) provides that a debtor may exempt:

**(A)** subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

**(B)** any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law; and

*Id.* (b)(3).

(the "Exemptions Memorandum Opinion & Order"), the Bankruptcy Division found that Jeffrey Prosser was not entitled to the exemptions, and granted the creditors' motion for denial of the exemptions. On October 19, 2009, Jeffrey Prosser filed an appeal ("Jeffrey Prosser's appeal") of the Bankruptcy Division's Exemptions Memorandum Opinion & Order to this Court.

Thereafter Dawn Prosser filed documents captioned "Dawn Prosser's Emergency Motion for Immediate Release of Reserved Proceeds Which Were Reserved for Estimated Future Amounts Owed to Intelysis" and "Dawn Prosser's Motion for Accounting of All 'Reserve Proceeds' Held in Escrow by Chapter 7 Trustee." Her pleadings cite to an Order issued by the Bankruptcy Division on November 21, 2008, in *Carroll v. Prosser*, Adv. Pro. No. 08-3009 (Bankr. D.V.I. filed Apr. 10, 2008) (the "Reserve Proceeds Order"). In the Reserve Proceeds Order, the Bankruptcy Division set out the initial distribution of the proceeds of the sale of the bankruptcy estate's and Dawn Prosser's interest in property known as 89 Victor Herbert Road, Lake Placid, New York (the "Lake Placid property").

## II. DISCUSSION

Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under 28 U.S.C. §

157. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

In order to appeal a bankruptcy court's order a person must have standing to do so. The United States Court of Appeals for the Third Circuit employs the "persons aggrieved" test to determine if a person has standing. *Travelers Ins. Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737, 741 (3d Cir. 1995). A person is aggrieved "only if the bankruptcy court's order 'diminishes their property, increases their burdens, or impairs their rights.'" *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000) (quoting *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993)). "Thus, only those 'whose rights or interests are directly and adversely affected pecuniarily' by an order of the bankruptcy court may bring an appeal." *Id.* (quoting *In re Dykes*, 10 F.3d at 187). "The 'person aggrieved' standard, which is more stringent than the constitutional test for standing, serves the acute need to limit collateral appeals in the bankruptcy context." *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 530 (3d Cir. 1999) (citing *In re Dykes*, 10 F.3d at 187). The United States Court of Appeals for the Ninth Circuit has explained that the need to limit such appeals

> springs from the nature of bankruptcy litigation which
> almost always involves the interests of persons who are
> not formally parties to the litigation. In the course

> of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.

*Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983), *cited with approval in In re O'Brien Envtl. Energy*, 181 F.3d at 530-31. "The question whether a party has standing to appeal in a bankruptcy case is generally an issue of fact for the district court." *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 531 (citing *In re Dykes*, 10 F.3d at 188).

### III. ANALYSIS

Dawn Prosser's pleadings may be construed as either an effort to appeal the Exemptions Memorandum Opinion & Order, or as an attempt to launch a new appeal within Jeffrey Prosser's appeal. In either event, her request for relief fails.

To the extent her pleadings attempt to appeal the Exemptions Memorandum Opinion & Order, she has failed to demonstrate how the Bankruptcy Division's Order has had any direct adverse impact on her pecuniary rights. She thus clearly fails the "person aggrieved" test, and lacks standing to pursue the Jeffrey Prosser appeal[2]. *Cf. In re Dykes*, 10 F.3d at 188-89 (concluding that appellants were not persons aggrieved because

---

[2] Though the Court need not weigh in on the issue in light of its determination that Dawn Prosser lacks standing, the Court notes its concern about the timeliness of her petition.

they were not persons for whom "the order diminishes [their] property, increases [their] burdens or impairs [their] rights").

To the extent Dawn Prosser's pleadings are an effort to raise issues with respect to the Bankruptcy Divisions' Reserve Proceeds Order, they are flawed. First, the appropriate procedure for initiating an appeal of that issue would be to file a notice of appeal of a determination of the Bankruptcy Division with respect to the reserve proceeds.

Second, Dawn Prosser's pleadings present issues unripe for this Court's consideration. The Bankruptcy Division's Reserve Proceeds Order specifically provided an avenue for the resolution of disputes as to reserve proceeds:

> 3. A non-evidentiary hearing will take place to consider the Trustee's continued retention of the Reserve Proceeds, and any parties' request for distribution or allocation of the Reserve Proceeds, before this Court in accordance with its order scheduling omnibus hearing dates on December 19, 2008, at 8:00 a.m. (EST), and may continue from time to time until all disputes regarding the Reserve Proceeds are resolved.

*Carroll v. Prosser*, Adv. Pro. No. 08-3009 (Bankr. D.V.I. Nov. 21, 2008), ECF No. 110. There is no indication that the Bankrupcty Division has entered a final order with respect to the release of reserve proceeds or an accounting of such proceeds[3].

---

[3] A final order as to such matters is not essential for the Court's jurisdiction. Indeed, 28 U.S.C. § 158(a) provides this Court with jurisdiction to hear appeals "with leave of the court, from other

Finally, Jeffrey Prosser's appeal cannot serve as a backdoor through which legally insufficient petitions of the independent issue of reserve proceeds may be heard. The Court will thus decline Dawn Prosser's invitation to rule on matters concerning the reserve proceeds in the context of Jeffrey Prosser's appeal.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Dawn Prosser's emergency motion for the release of funds which were reserved for future amounts owed to Intelysis is **DENIED;** and it is further

**ORDERED** that Dawn Prosser's motion for accounting of all reserve proceeds held in escrow by the Chapter 7 trustee is **DENIED.**

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**

---

interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." The Court notes that it has not granted leave for such an appeal to Dawn Prosser.